# EXHIBIT A

Fulton County Superior Court
***EFILED***LW
Date: 12/8/2025 2:11 PM
Che Alexander, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| AUDREY FOX, as Administrator | ) | |
| of the Estate of RUSSELL | ) | |
| CONNIE SURRATT, JR., deceased, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | 25CV016834 |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| METRO ATLANTA RAPID | ) | |
| TRANSIT AUTHORITY (MARTA), | ) | |
| | ) | |
| OFFICER BRIAN ROSSELL, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| OFFICER ERNEST WAMOUND CLOUD, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| JOHN DOE(S) 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT FOR DAMAGES

---

COMES NOW Plaintiff in the above-styled action and files this Complaint as follows:

1.

On October 6, 2024, Russell Surratt lost his life at the College Park MARTA Station when MARTA police officers shot and killed him.

## **PARTIES, JURISDICTION, AND VENUE**.

2.

Plaintiff Audrey Fox is the biological sister of Russell Connie Surratt, Jr. Mr. Surratt was not married and did not have any children. Plaintiff was appointed administrator of Mr. Surratt's

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

estate on December 3, 2025, and is authorized to bring the wrongful death claim pursuant to O.C.G.A. § 51-4-5 et al. *See Letters of Administration, attached as Exhibit A.*

3.

Metro Atlanta Rapid Transit Authority (hereinafter "MARTA") is a local authority organized, formed and operating under the laws of the State of Georgia. Defendant MARTA may be served by way of its registered agent, Duane Pritchett, at 2424 Piedmont Road NE, Atlanta, GA 30324.

4.

MARTA is subject to the jurisdiction of this Court.

5.

Service is proper as to MARTA.

6.

Venue is proper as to MARTA.

7.

As an independent local government authority, MARTA is not subject to any ante litem provision under the laws of this State, and, therefore, no such notice is required prior to filing suit against MARTA.

8.

Officer Brian Rossell is an officer employed by MARTA Police Department. Officer Rossell may be served at the MARTA Police Department's Headquarters located at 2424 Piedmont Rd., Atlanta, GA 30324.

9.

At all times relevant hereto, Officer Rossell acted under color of state law.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

10.

Officer Rossell is subject to the jurisdiction of this Court.

11.

Service is proper as to Officer Rossell.

12.

Venue is proper as to Officer Rossell.

13.

Officer Ernest Wamound Cloud is an officer employed by MARTA Police Department. Officer Cloud may be served at the MARTA Police Department's Headquarters located at 2424 Piedmont Rd., Atlanta, GA 30324.

14.

At all times relevant hereto, Officer Cloud acted under color of state law.

15.

Officer Cloud is subject to the jurisdiction of this Court.

16.

Service is proper as to Officer Cloud.

17.

Venue is proper as to Officer Cloud.

18.

Defendant John Doe(s) 1-10 is a fictious name for individuals, corporations, or other entities that may be liable to Plaintiff but are unknown at the present time. Upon actual names of said individuals or entities being obtained through discovery or other means, the complaint will be amended to add the individuals or entities.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

## FACTS OF LOSS

19.

Plaintiff hereby incorporates paragraphs 1 – 18 as if fully alleged herein.

20.

At all times relevant hereto, Officers Rosswell and Cloud (collectively "Defendant Officers") were acting within the course and scope of their employment with MARTA.

21.

On October 6, 2024, Mr. Surratt rode a MARTA bus to the College Park MARTA station.

22.

Mr. Surratt paid his bus fare, thereby rendering him an invitee on the bus and at the College Park MARTA station.

23.

When the bus arrived at the College Park station, Mr. Surratt exited the bus. Around the bus loop area of the station, Mr. Surratt became involved in an altercation with another patron. At some point during that altercation, he brandished a firearm.

24.

At no point did Mr. Surratt point the firearm at any member of the general public.

25.

At no point did Mr. Surratt point the firearm at the Defendant Officers.

26.

The altercation deescalated, Mr. Surratt ceased brandishing his firearm, and he began to leave the station.

27.

While Mr. Surratt was actively leaving the station by foot, Defendant Officers began to follow Mr. Surratt.

28.

While following after Mr. Surratt, one of more defendant officers fired their service weapon, striking Mr. Surratt in the neck and ultimately killing him.

29.

At the time of the shooting, Mr. Surratt was not brandishing his firearm or otherwise doing anything that posed an imminent risk of serious physical harm to any officer or member of the general public.

## **COUNT I**
42 U.S.C. § 1983
Excessive Force in Violation of the Fourth Amendment
(As to Defendants Rossell, Cloud, and John Doe(s) 1-10)

30.

Plaintiff hereby incorporates paragraphs 1 – 29 as if fully alleged herein.

31.

At all times relevant hereto, Defendant Officers were acting under color of state law.

32.

The amount of force used by one or more Defendant Officers in their encounter with Mr. Surratt was unreasonable and excessive.

33.

Mr. Surratt had a right under the Fourth and Fourteenth Amendments to be free from the use of excessive and unreasonable force in the course of an arrest.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

34.

One or more Defendant Officers illegally drew their service weapon and fired upon Mr. Surratt, who was not brandishing his firearm.

35.

Not only was Mr. Surratt not brandishing a firearm when he was shot, he was actively leaving the premises.

36.

As a result of Defendant Officers' actions, Mr. Surratt suffered serious injury, endured pain, suffering, and mental anguish, and ultimately died.

37.

The law being well established in October 2024 that a law enforcement officer may not use deadly force to prevent the escape of a fleeing suspect, Defendant Officers are not entitled to qualified immunity.

38.

Plaintiff requests compensatory and punitive damages against Defendant Officers in their individual capacity because Defendant Officers acted under color of state law with malice, deliberate indifference, and/or reckless conduct toward and callous disregard for Mr. Surratt's Constitutional rights.

39.

Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. § 1988.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

## COUNT II
42 U.S.C. § 1983
Failure to Intervene
(As to Defendants Rossell, Cloud, and John Doe(s) 1-10)

40.

Plaintiff hereby incorporates paragraphs 1 – 39 as if fully alleged herein.

41.

While acting under the color of state law, one or more Defendants violated Mr. Surratt's Fourth Amendment rights in their use of excessive force.

42.

At the same time, one or more officers was in a position to stop the use of excessive force but failed to intervene or question the force being used.

43.

As a result of one or more officers' failure to intervene in the use of excessive force, Mr. Surratt suffered serious injury, endured pain, suffering, and mental anguish, and ultimately died.

## COUNT III
Georgia Law
Negligent Hiring and Supervision
(As to Defendant MARTA)

44.

Plaintiff hereby incorporates paragraphs 1 – 43 as if fully alleged herein.

45.

Defendant MARTA was negligent in hiring and supervising the individuals working on the premises, including Defendant Officers.

46.

Defendant MARTA's negligence in hiring and supervising the individuals on the Premises resulted in the excessive use of force and, ultimately, the killing of Mr. Surratt.

<u>**COUNT IV**</u>
Georgia Law
Premises Liability

47.

Plaintiff hereby incorporates paragraphs 1 – 46 as if fully alleged herein.

48.

Defendant MARTA owned and operated the subject Premises. Defendant MARTA owed a duty to keep the premises and approaches safe for its invitees, including Russell Surratt.

49.

At all times relevant herein, Defendant MARTA controlled the management of the subject College Park MARTA Station and had the legal duty to keep the premises in a state consistent with the due regard of the safety of their invitees.

50.

Defendants breached these duties to Russell Surratt by failing to exercise due care to keep its premises safe and failed to act as similarly situated businesses would in like circumstances.

51.

Specifically, Defendant MARTA knew, or should have known, that Defendant Officers posed a serious risk of violent threat or harm to the general public, including Mr. Surratt, but negligently failed to do anything.

52.

Because Defendant Officers were carrying out a security function to keep the premises in safe condition, which is a nondelegable duty pursuant to O.C.G.A. § 51-3-1, Defendant MARTA

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

is liable for the negligent conduct of the Officers who shot and killed Mr. Surratt and/or failed to intervene.

**COUNT V**
Georgia Law
Assault
(As to Defendants Rossell, Cloud, and John Doe(s) 1-10)

53.

Plaintiff hereby incorporates paragraphs 1 – 52 as if fully alleged herein.

54.

By intentionally pointing his service weapon at Mr. Surratt, one or more Defendant Officers placed Mr. Surratt in fear of imminent bodily harm.

55.

The Defendant Officers' conduct that placed Mr. Surratt in fear of imminent bodily harm was willful, wanton, malicious, outrageous, and in reckless disregard of Mr. Surratt's safety.

56.

As a result of Defendant Officers' assault upon Mr. Surratt and Mr. Surratt's subsequent injuries, Plaintiff is entitled to recover all compensatory, special, economic, consequential, general, and other damages permissible under state law, in an amount to be determined by the jury.

**COUNT VI**
Georgia Law
Battery
(As to Defendant Officers)

57.

Plaintiff hereby incorporates paragraphs 1 – 56 as if fully alleged herein.

BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303

58.

Defendant Officers' act of shooting Mr. Surratt was committed with the intent and purpose of seriously injuring or killing Mr. Surratt or with the knowledge that Mr. Surratt would be seriously injured or killed.

59.

Defendant Officers' act of shooting Mr. Surratt was committed with conscious disregard for the risk that Mr. Surratt would be seriously injured or killed.

60.

By shooting Mr. Surratt, Defendant Officers caused Mr. Surratt to suffer offensive and harmful bodily contact and death.

61.

As a result of Defendant Officers' battery upon Mr. Surratt and Mr. Surratt's injuries caused thereby, Plaintiff is entitled to recover all compensatory, special, economic, consequential, general, and other damages permissible under state law, in an amount to be determined by the jury.

## COUNT VII
Georgia Law
Vicarious Liability
(As to Defendant MARTA)

62.

Plaintiff hereby incorporates paragraphs 1 – 61 as if fully alleged herein.

63.

At the time of Defendant Officers' tortious conduct, Defendant Officers were employees and agents of Defendant MARTA and were acting within the course and scope of their duties.

64.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

Defendant MARTA is responsible for the conduct and actions of Defendant Officers pursuant to the doctrine of Respondeat superior, agency, and/or apparent agency.

**COUNT VIII**
Georgia Law
Wrongful Death
(As to all Defendants)

65.

Plaintiff hereby incorporates paragraphs 1 – 64 as if fully alleged herein.

66.

Defendant officers' act of shooting Mr. Surratt was committed with the purpose of seriously injuring or killing Mr. Surratt or with the knowledge that Mr. Surratt would be seriously injured or killed.

67.

Defendants' act of shooting Mr. Surratt was committed with conscious disregard for the risk that Mr. Surratt would be seriously injured or killed.

68.

As a direct and proximate result of Defendants' conduct, Mr. Surratt suffered severe injury and was killed.

69.

As a direct and proximate result of Defendants' conduct, Mr. Surratt's Estate, and heirs, including Plaintiff, have lost the full value of Mr. Surratt's life, including loss of companionship, care, and other intangible benefits Mr. Surratt would have provided had Defendant Officers had not killed him.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

70.

The Defendants were negligent and said negligence proximately caused Mr. Surratt's injuries in the following ways, to-wit:

a) Violation of O.C.G.A. § 51-3-1, by failing to exercise ordinary care to keep the premises safe;

b) Failing to properly train and supervise their employees regarding the maintenance and safety of said premises;

c) Failing to properly retain, entrust, hire, train and supervise said employees;

d) Failing to ensure business policies, systems, and security were being adequately followed and implemented, and;

e) Failing to provide security cameras, security patrols, and employ other appropriate security measures.

71.

Defendants' negligence directly and proximately caused the injuries, extreme pain and suffering, and ultimately death of Russell Surratt.

72.

As a direct and proximate result of Defendant Officers' conduct, Mr. Surratt's Estate and heirs, including Plaintiff, have lost the full value of Mr. Surratt's life, including loss of financial support, companionship, care, and other tangible benefits Mr. Surratt would have provided had Defendant Officers not killed him.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

73.

As a direct and proximate result of Defendant Officers' conduct, Mr. Surratt's Estate, and heirs, including Plaintiff, have incurred medical expenses related to Mr. Surratt's injuries, burial and funeral expenses, and other pecuniary losses.

74.

Defendant MARTA is vicariously liable for the wrongful death of Mr. Surratt because it was caused by Defendant Officers, employees of Defendants, acting within the scope of their employment as armed security guards and carrying out a nondelegable duty to keep the premises in a reasonably safe condition.

**COUNT IX**
42 U.S.C. § 1983
*Monell* Doctrine – Failure to Train
(As to Defendant MARTA)

75.

Plaintiff hereby incorporates paragraphs 1 – 74 as if fully alleged herein.

76.

Defendant MARTA is liable under the *Monell* doctrine due to its failure to provide proper training to its officers.

77.

The failure to train is evidenced by its officers' excessive use of force on a suspected felon who was peacefully leaving the premises and not posing a threat to the officers nor any member of the general public.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

78.

Due to MARTA's failure to train its officers on properly pursuing suspected felons, they were ill-equipped for the pursuit and apprehension of Mr. Surratt, resulting in the tragic and unnecessary shooting of Mr. Surratt.

79.

Police pursuing suspected felons is a frequently occurring event.

80.

Despite the frequency of which pursuits of suspected felons occur, Defendant MARTA failed to provide adequate training on properly pursuing and apprehending fleeing suspects.

81.

Without the proper training on how to pursue, apprehend, or escort unruly patrons, there is a high probability that MARTA officers would violate citizens' rights, such as the right to be free from unreasonable seizures and from the use of excessive force.

82.

The need to train deputies on pursuing fleeing suspected felons is so obvious that MARTA's failure to train their officers amounts to deliberate indifference to citizens' Fourth Amendment rights.

83.

MARTA's deliberate indifference in failing to train their officers on properly pursuing and apprehending suspected felons and/or unruly patrons was the moving force behind the depravation of Mr. Surratt's Fourth Amendment rights, and ultimately his death.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

84.

As a result of MARTA's failure to adequately train its officers, Mr. Surratt suffered serious injury, endured pain and suffering, mental anguish, and ultimately died, as will be proven at trial.

## COUNT X
Damages

85.

Plaintiff hereby incorporates paragraphs 1 – 84 as if fully alleged herein.

86.

Defendants are liable for Russell Surratt's injuries sustained, pain and suffering, wrongful death, all estate-based claims, and all other elements of damages allowed under the laws of the State of Georgia. Defendants are liable to Plaintiffs directly, as well as under theories of *respondeat superior* and agency principles.

87.

As a proximate and foreseeable result of the negligence of Defendants, Russell Surratt, received serious injuries, died, endured pain and suffering, mental anguish, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Wrongful death;

b) All estate-based damages;

c) All funeral and other necessary expenses

d) Personal and physical injuries;

e) Past, present and future pain and suffering;

f) Past, present, and future lost wages;

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

g) Past, present and future medical expenses;

h) Permanent injuries;

i) Mental anguish;

j) Disability;

k) Emotional distress;

l) Disfigurement;

m) Loss of the capacity for the enjoyment of life;

n) Impaired ability to labor;

o) Incidental expenses;

p) Consequential damages to be proven at trial; and

q) All items of damages recoverable under Georgia law.

88.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate causes of the injuries to and death of Russell Surratt. Defendants are jointly and severally liable for Russell Surratt's injuries sustained, wrongful death, pain and suffering, cost of treatment, and all other elements of damages allowed under the laws of the State of Georgia.

89.

Defendants' actions evidence bad faith, were and are stubbornly litigious, and have caused Plaintiff undue trouble and expense. Thus, Plaintiff is entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11 and any other statutory or common law basis.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

90.

An award of attorney's fees and reasonable expenses of litigation are authorized by 42 U.S.C. § 1988 for vindication of Mr. Surratt's civil rights.

WHEREFORE, Plaintiff prays for the following relief:

a)  That Plaintiff recovers the full value of the life of the Mr. Surratt as determined by the enlightened conscience of a fair and impartial jury;

b)  That Plaintiff recovers for the Mr. Surratt's pre-death mental and physical pain and suffering, funeral expenses and medical expenses;

c)  That Plaintiff recovers such other and further relief as is just and proper;

d)  That Plaintiff recovers attorneys' fees pursuant to 42 U.S.C. § 1988; and

e)  That all issues be tried before a jury.

Respectfully submitted this 8th day of December, 2025.

**BANKS WEAVER LLC**

*/s/ Gabe Banks*
*/s/ Sam Weaver*
*/s/ Payden Grizzle*

_____
Gabe Banks
Georgia Bar No. 721945
Sam Weaver
Georgia Bar No. 514157
Payden Grizzle
Georgia Bar No. 270323
*Counsel for Plaintiff*

100 Peachtree Street, NW
Suite 2650
Atlanta, Georgia 30303
(404) 891.9280 (Ofc.)
(404) 891-9283 (fax)
gabe@banksweaver.com
sam@banksweaver.com
payden@banksweaver.com

# EXHIBIT A

IN THE PROBATE COURT OF **FULTON** COUNTY
STATE OF GEORGIA

IN RE:  ESTATE OF                          )
                                           )
**Russell Connie Surratt Jr.,**           )        ESTATE NO. **PC-2025-1569**
**DECEASED**

### LETTERS OF ADMINISTRATION
(Bond waived and/or certain powers granted)

At a regular term of Probate Court, this Court granted an order allowing **Audrey Marie Fox** qualify as administrator(s) of the above-named decedent, who was domiciled in this county at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, letter of administration be issued to such personal representative(s).

THEREFORE, the said administrator(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to discharge all the duties and exercise all powers of personal representative(s), according to Georgia law. In addition, this Court:
[Initial all that apply]

<u>X</u> (a)    ***POWERS GRANTED***: Grants to the administrator(s) all of the powers contained in O.C.G.A. §53-12-261, except the administrator(s) shall not be authorized to bind the estate by any warranty in any conveyance or contract in violation of O.C.G.A.§53-8-14 (a)

<u>X</u> (b)    ***REPORTS WAIVED***: Grants to the administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

<u>X</u> (c)    ***BOND WAIVED***:  Waives the specific requirement to post bond.

<u>X</u> (d)    ***STATEMENTS WAIVED***:  Grants to the administrator(s) the specific power to serve without furnishing to the heir's statement for receipts and disbursements.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as judge of the probate court of said county and the seal of this office this   **3rd**   day of   **December**  , 20**25.**

_Kenya M. Johnson_
Kenya M. Johnson
Judge of the Fulton County Probate Court

NOTE:  The following must be signed if the judge
        does not sign the original of this document:

**CERTIFICATION OF COPY**
This document consisting of ___ page(s) is hereby certified to be a true copy of an original document on file in the Probate Court of Fulton County, Georgia. In witness whereof, I have hereto set my official signature and affixed the seal of the Probate Court, at the County and State aforesaid on   **12** / **3** /20 **25** .

Issued by:

_Williana Jordan_
Clerk of the Probate Court

_Williana Jordan_
Clerk, Fulton County Probate Court

**IN THE PROBATE COURT OF <u>FULTON</u> COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| IN RE: ESTATE OF | ) | |
| | ) | |
| <u>Russell Connie Surratt Jr.,</u> | ) | ESTATE NO. <u>PC-2025-1569</u> |
| DECEASED | | |

### ORDER APPOINTING ADMINISTRATOR

A petition for letters of administration for the above-named decedent was filed.

<u>**Audrey Marie Fox**</u> was/were nominated administrator(s) in the petition and is/are hereby found to be legally qualified for said office. The Court finds that the decedent died domiciled within or domiciled outside the State of Georgia but owning property within, the above county. The Court finds that the decedent died intestate. The Court further finds that all the heirs at law were served or acknowledged service. The Court further finds that no objection has been filed, and all requirements of law have been fulfilled.

ACCORDINGLY, IT IS ORDERED that the person(s) named above is/are found to be qualified for such office and is/are hereby appointed administrator(s) of the estate of the decedent, and that appropriate letters be issued upon said administrator(s) giving bond with approved surety in the sum of **$0** and taking the oath as provided by law. Further ordered that adequate bond with a corporate surety shall be posted with this court in an amount equal to all sums of personal property received on behalf of the estate. The administrator(s) shall not make any distribution to a person for the benefit of a minor unless that person is qualified to receive such funds according to law.

IT IS FURTHER ORDERED that upon unanimous consent and publication of notice as necessary, the Court hereby: *[Initial all that apply]*

<u>X</u>    (a)  ***POWERS GRANTED***: Grants to the administrator(s) all the powers contained in O.C.G.A. § 53-12-261, except the administrator(s) shall not be authorized to bind the estate by any warranty in any conveyance or contract in violation of O.C.G.A. § 53-8-14 (a).

<u>X</u>    (b)  ***REPORTS WAIVED***: Grants to the administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

<u>X</u>    (c)  ***BOND WAIVED***: Waives the specific requirement to post bond.

<u>X</u>    (d)  ***STATEMENTS WAIVED***: Grants to the administrator(s) the specific power to serve without furnishing to the heir's statements of receipts and disbursements.

SO ORDERED this _____3rd_____ day of __December__ , 20 25 .

_____
Judge of the Probate Court